IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**KEITH JAMES**                                                                                               **PLAINTIFF**

**V.**                                             **3:13CV00135 JM**

**THE CITY OF MARION, ARKANSAS and**
**WOODY WHEELESS (individually and in his**
**official capacity as Chief of the Marion**
**Fire Department)**                                                                                  **DEFENDANTS**

## ORDER

Pending is the Motion for Summary Judgment filed by the City of Marion, Arkansas and Woody Wheeless Individually and in His Official Capacity as Chief of the Marion Fire Department. The motion has been fully briefed by the parties. For the reasons set forth below, the Motion is granted in part and denied in part.

I.     Facts

Plaintiff Keith James was hired as a volunteer firefighter at the Marion Fire Department for the city of Marion, Arkansas in May 2001. During Plaintiff's tenure as a volunteer firefighter, Robert Blake was the Captain and Woody Wheeless was the Chief of the Marion Fire Department. In 2011, Plaintiff applied for the position of Captain at the Fire Department. Chief Wheeless named another individual as the Captain in October 2011. When Plaintiff asked Chief Wheeless why he was not selected for the position, Chief Wheeless stated that Plaintiff needed to "be more aggressive on interior firefighting." (Pl. Dep. ECF No. 26-1 at p. 9).

In 2012, Chief Wheeless campaigned for and was elected to the position of Crittenden County Judge. The positions of Fire Chief and County Judge were part-time positions. On August 21, 2012, Plaintiff and other members of the Fire Department held a meeting with Chief Wheeless

to discuss a perceived lack of structure and leadership at the Fire Department. The participants discussed whether the Chief position should be changed to a full-time position and, if so, whether Chief Wheeless would be able to serve in the position. One week later, Captain Robert Blake invited Plaintiff to attend a meeting with the Mayor of Marion, the Fire Commission Head, and a City Council member to discuss complaints about Chief Wheeless, safety of the firefighters, safety of the citizens and their property. (Pl. Dep. ECF No. 26-1 at p. 12-13). Plaintiff stated during the meeting that the Chief's attendance at biweekly drill meetings was very poor and he was concerned about the lack of supervision for the full-time firefighters. *Id.* at 13-14.

On August 30, 2012, Chief Wheeless contacted Plaintiff and asked to meet him at the fire station. At this meeting, Chief Wheeless terminated Plaintiff from his position as a volunteer firefighter for the City of Marion. According to Plaintiff, Chief Wheeless indicated that he was terminating Plaintiff because they were not seeing eye and eye and because of his call response percentages. (Pl. Dep. ECF No. 26-1 at p. 20). Plaintiff filed suit against the City of Marion and Chief Wheeless on May 28, 2013 for violation of 42 U.S.C. § 1983. Plaintiff alleges that the Defendants retaliated against him by terminating him for exercising his First Amendment rights.

　　II.　　Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is
> a need for trial -- whether, in other words, there are genuine factual
> issues that properly can be resolved only by a finder of fact because
> they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

### III.   Analysis of the Law

Plaintiff sufficiently pled a First Amendment retaliation cause of action in his Complaint. To establish a prima facie case of unlawful retaliation for protected speech, a plaintiff must allege and prove that: (1) he engaged in activity protected by the First Amendment; (2) the defendant took an adverse employment action against him; and (3) the protected conduct was a substantial or motivating factor in the defendant's decision to take the adverse employment action. *See Davison*

*v. City of Minneapolis, Minn*, 490 F.3d 648, 654-55 (8th Cir. 2007).

Plaintiff's speech is entitled to First Amendment protection if: (1) the employee spoke as a citizen, and not as an employee, on a matter of public concern, and (2) his right to free speech outweighs the employer's interest in promoting the efficiency of its public services. *Davenport v. Univ. of Ark. Bd. Of Trustees,* 553 F.3d 1110, 1113 (8th Cir. 2009).

Plaintiff spoke to Chief Wheeless on August 21st and to the Mayor, councilman, and Fire Commission Head on August 28th about his concerns for the safety of other firefighters, the lack of experience of the full-time firefighters, and the lack of supervision, time, and commitment of Chief Wheeless. It was not part of Plaintiff's duty as a volunteer firefighter to uncover or report safety issues or concerns regarding the Marion Fire Department. Plaintiff was speaking as a citizen on a matter of public concern on both occasions. *See Davenport,* 553 F.3d 1110 (officer's complaint about chief's misuse of resources, lack of police equipment, uniforms and parking were matters of public concern); *Powell v. Basham,* 921 F.2d 165 (8th Cir. 1990) (officer's complaints about internal promotion system and practices matter of public concern). Further, Defendants have failed to show that Plaintiff's speech caused "administrative chaos" at the Fire Department. Therefore, Plaintiff's speech is entitled to First Amendment protection.

Next, Defendants argue that Chief Wheeless is entitled to qualified immunity in his individual capacity if the Court finds that Plaintiff's speech was protected by the First Amendment. "Qualified immunity shields a public official from personal liability for constitutional violations 'if his conduct was objectively reasonable as measured by clearly established law.'" *Powell v. Basham*, 921 F.2d 165, 167 (8th Cir. 1990) (quoting *Darnell v. Ford*, 903 F.2d 556, 562 (8th Cir.1990)). Defendants argue that a reasonable official in Chief Wheeless's position would not

have known that his conduct violated the Plaintiff's First Amendment rights. The Court disagrees. "The First Amendment right of public employees to comment on matters of public concern without fear of reprisal has long been established." *Powell v. Basham*, 921 F.2d 165, 167 (8th Cir. 1990) (citing *Connick v. Myers*, 461 U.S. 138, 142, 103 S.Ct. 1684, 1687, 75 L.Ed.2d 708 (1983); *Pickering v. Board of Educ.*, 391 U.S. 563, 574, 88 S.Ct. 1731, 1737, 20 L.Ed.2d 811 (1968)). Plaintiff was not the only firefighter who had concerns about the lack of structure and leadership at the Fire Department. He was concerned with the safety of new firefighters because they did not have leadership from the Chief. In addition, he was worried about the safety of the community and its property as a result of poor leadership. Comments such as these were found to be protected by the First Amendment in *Powell* and *Cox v. Dardanelle Pub. School Dist.*, 790 F.2d 668 (8th Cir. 1986). Therefore, a reasonable official in Chief Wheeless's position should have known that terminating Plaintiff for making such comments was a violation of his First Amendment rights. He is not entitled to qualified immunity.

Defendants argue that the City of Marion and Chief Wheeless in his official capacity are not liable under § 1983. "[A] municipality cannot be held liable *solely* because it employs a tortfeasor-- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978) (emphasis in original). However, a municipality may be held liable for an employee's unconstitutional actions under § 1983 if the municipality's custom or policy caused the action. *Id.* A plaintiff must prove that either the policy is "officially adopted and promulgated by" the municipality, or the practice is "so permanent and well-settled so as to constitute a custom, that existed and through which" the municipal employee acted in violating the

plaintiff's constitutional right. *Davison v. City of Minneapolis, Minn*, 490 F.3d 648, 659 (8th Cir. 2007) *(*citing City of St. Louis v. Praprotnik, 485 U.S. 112, 121, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988)). There is no evidence in the record that the City of Marion had a policy or practice of terminating employees in retaliation for the exercise of their First Amendment rights. There is also no evidence that Chief Wheeless had authority to establish policy regarding employment practices in Marion. Therefore, the City of Marion and Chief Wheeless in his official capacity are not liable under § 1983.

Because Plaintiff was engaged in activity protected by the First Amendment and Chief Wheeless in his individual capacity took an adverse employment action against him, the Court must determine whether Plaintiff's criticism of Chief Wheeless was a substantial or motivating factor in the decision to terminate him. The Court finds that the Plaintiff has provided sufficient evidence to create a genuine question of material fact on this issue. *See Skalsky v. Indep. Sch. Dist. No.* 743, 772 F.3d 1126, 1131 (8th Cir. 2014) (Temporal proximity between protected activity and an adverse employment action can constitute evidence the protected activity was a substantial or motivating factor.)

    IV.    <u>Conclusion</u>

For these reasons, Defendants' Motion for Summary Judgment is GRANTED in part and DENIED in part. The motion is granted as to City of Marion and Chief Wheeless in his official capacity. The motion is denied as to Chief Wheeless in his individual capacity.

IT IS SO ORDERED this 30th day of September, 2015.

                                                            James M. Moody Jr.
                                                            United States District Judge